IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LAWYERS TITLE INSURANCE CORP.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-0511-L** |
| | § | |
| **STALLION FUNDING, LLC, et al.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Rule 12(b)(1), (6), and (7) Motion to Dismiss, filed June 18, 2010. After carefully considering the motion, response, reply, record, and applicable law, the court **grants in part** and **denies in part** Defendants' Rule 12(b)(1), (6), and (7) Motion to Dismiss.

### I.      Procedural and Factual Background

Plaintiff Lawyers Title Insurance Corporation ("Lawyers Title" or "Plaintiff") filed its original Complaint on March 12, 2010, and its First Amended Complaint ("Complaint"), on May 27, 2010. Plaintiff brings claims against Defendants Stallion Funding, LLC ("Stallion Funding"), Gail Findlay ("Findlay"), Peter and Jackie Thomas (the "Thomases"), and Carousel Foundation ("Carousel") (collectively, "Defendants"). Plaintiff seeks a declaratory judgment relating to an alleged unauthorized transaction in the sale of a commercial property located at 3207 McKinney Avenue, Dallas, Texas ("McKinney Property"). It also seeks attorney's fees pursuant to Chapter 37.009 of the Texas Civil Practice and Remedies Code.

According to Plaintiff, it is a title insurance underwriter that issues title insurance policies through direct operations and independent agents. It entered into an agreement with Lakewood Title,

LLC ("Lakewood Title"), a title insurance agent. Lakewood Title entered into a Closing Services Agreement ("CSA") with Phillip Michael Hawk ("Hawk"), a licensed attorney. Jason Chumley ("Chumley") worked for Hawk as an independent contractor, providing sales and marketing services to him.

Plaintiff alleges that Stallion Funding is an investment company that solicits investors to make "hard money" loans. Findlay, the Thomases, and Carousel were investors recruited by Stallion Funding to loan $350,000 (the "Loan") to Southwest Rain-Maker, Inc. ("Southwest Rain-Maker"). Plaintiff contends that Stallion Funding brokered the Loan, which was secured by a deed of trust on the McKinney Property. It alleges that it issued a commitment for title insurance to a lender to insure the deed of trust on the McKinney Property (the "Authentic Commitment"). Plaintiff alleges that this commitment included requirements that certain judgments and liens be paid off at closing or they would be exceptions to coverage and that it did not name any Defendants as named insureds. Lawyers Title asserts that Chumley altered the Authentic Commitment to delete judgments and liens and to add Stallion Funding as the insured lender (the "Forged Commitment"). Plaintiff alleges that it issued insured closing letters ("ICLs") on September 16, 2009, to Stallion Funding and the investors but that it never issued a title commitment or policy to them. It contends that the ICLs, which were not signed or returned, never took effect.

The title insurance transaction was closed by an escrow officer in Hawk's office. Plaintiff alleges that Chumley forged certain releases of judgments and liens or that he misrepresented that they were finalized. Plaintiff contends that Chumley acted alone or with Stallion Funding's broker, The Dorian Francis Group, LLC. Stallion Funding approved and closed the Loan, but the prior liens and judgments were never paid off. Plaintiff contends that Stallion Funding then made a claim to

it to issue a title policy in accordance with the Forged Commitment, which does not except the judgments and liens. A prior lienholder then foreclosed its lien on the McKinney Property.

Plaintiff seeks declarations that: Chumley did not act with actual or apparent authority with respect to the claim made by Stallion Funding and the investors under the Forged Commitment and ICLs; it has no contractual obligation to Stallion Funding or the investors to issue a title insurance policy in accordance with the Forged Commitment; the ICLs did not take effect; the title insurance policy should be issued in accordance with the Authentic Commitment; and it has no liability under the ICLs because Stallion Funding's own business dealings and involvement with Southwest Rain-Maker or Chumley caused or contributed to the damages of Stallion Funding and the investors.

Defendants have moved to dismiss the Complaint. They contend that this case should be dismissed pursuant to Rules 12(b)(1) and (7) of the Federal Rules of Civil Procedure and that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) for its claim for attorney's fees.

## II.     Legal Standards

### A.      Rule 12(b)(1) – Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject

matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he

basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).

**B.      Rule 12(b)(7) – Failure to Join a Party**

Rule 12(b)(7) of the Federal Rules of Civil Procedure allows for dismissal for "failure to join a party under Rule 19." Rule 19 "provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. It further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (footnotes and citations omitted). Rule 19 "does not require the joinder of joint tortfeasors. Nor does it require joinder of principal and agent. Finally, Rule 19 does not require joinder of persons against whom [defendants] have a

claim for contribution." *Nottingham v. General Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) (citations omitted).

## III.    Analysis

Defendants contend that Plaintiff's claims should be dismissed because Lawyers Title failed to join two parties, Lakewood Title and Hawk, that would destroy the court's jurisdiction over this case. In the alternative, they contend that the court should decline to exercise its discretionary jurisdiction over this declaratory judgment action. Finally, they argue that Plaintiff's request for costs and attorney's fees should be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff does not respond to Defendants' argument about its claim for attorney's fees. With respect to Defendants' arguments about jurisdiction, it contends that neither Lakewood Title nor Hawk is a required party under Rule 19(a) of the Federal Rules of Civil Procedure, that joinder of these parties would not destroy the court's subject matter jurisdiction, and that this action can proceed in their absence. It also contends that the court should not dismiss this case by declining to exercise its discretionary jurisdiction.

In light of its decision to decline exercising its discretionary jurisdiction over this civil action, the court does not reach Defendants' motion with respect to attorney's fees. It does, however, consider the parties' arguments regarding joinder pursuant to Rule 19(a) and discretionary jurisdiction.

### A.    Parallel State Action

Before reaching the specific arguments of the parties regarding joinder and discretionary jurisdiction, the court will set forth facts regarding a related state court action that is pending in the

134th Judicial District, Dallas County, Texas (the "State Action"). The State Action was filed on June 17, 2010, by Stallion Funding, Findlay, Carousel, and the Thomases. They brought claims against Lawyers Title, Lakewood Title, and Hawk. As plaintiffs in the State Action, Defendants[*] assert claims of civil conspiracy; joint enterprise; common law fraud; negligent hiring, retention, and supervision; negligence and negligent misrepresentation; breach of fiduciary duty; breach of contract; promissory estoppel; constructive trust; unjust enrichment and equitable restitution; and exemplary damages.

Defendants contend in the State Action that Chumley and Angie Salazar ("Salazar"), an escrow agent who worked for Lakewood Title, had actual and apparent authority on behalf of Plaintiff, Lakewood Title, and Hawk. Defendants allege that they would not have closed the Loan if they had known of the judgments and liens encumbering the McKinney Property and that Plaintiff would refuse to insure them against the fraudulent actions of its agents or to insure them as promised in the title commitment. Defendants contend that Lawyers Title, Lakewood Title, and Hawk are vicariously liable for the acts of their employees and agents.

### B.    Joinder of Lakewood Title and Hawk

Defendants argue that Lakewood Title and Hawk are indispensable parties to this action pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. Because they are indispensable, Defendants argue that this case cannot proceed without them and that their joinder will destroy subject matter jurisdiction. With respect to jurisdiction, Defendants contend that if Lakewood Title and Hawk are added, the court would need to realign the parties according to their real interests in

---

[*]To avoid confusion, the court will continue to refer to Stallion Funding, Carousel, Findlay, and the Thomases collectively as "Defendants" even when considering the State Action.

this case.  They argue that the court should realign Lakewood Title and Hawk as plaintiffs and that, because Lakewood Title, Hawk, and Defendants are all citizens of Texas, aligning Lakewood Title and Hawk as plaintiffs would destroy diversity jurisdiction.

Plaintiff responds that neither Lakewood Title nor Hawk is a required party under Rule 19(a) and that Defendants have mischaracterized the relief that it seeks.  It further argues that if the court were to join Lakewood Title and Hawk their presence would not destroy subject matter jurisdiction.  Finally, it contends that because these parties are not required pursuant to Rule 19(a), this action may proceed without them.

1.      **Rule 19**

Rule 19(a)(1) of the Federal Rules of Civil Procedure sets forth definition of a "required party":

> ***Required Party***.  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A)     in that person's absence, the court cannot accord complete relief among existing parties; or
> (B)     that person claims an interest relating to the subject of an action and is so situated that disposing of the action in the person's absence may:
> (i)      as a practical matter impair or impede the person's ability to protect the interest; or
> (ii)     leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent objections because of the interest.

Rule 19(a)(2) requires that if a person meets the definition of "required" as set forth in subsection (a)(1), "the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Rule 19(b) sets forth the factors a court must consider when joinder of a required party is not feasible. In that case, the court must decide whether to proceed with the existing parties or dismiss the action. In making that decision, the court should consider:

(1)     the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2)     the extent to which any prejudice could be lessened or avoided by:
   (A)     protective provisions in the judgment;
   (B)     shaping the relief; or
   (C)     other measures;
(3)     whether a judgment rendered in the person's absence would be adequate; and
(4)     whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b). The court now considers the parties' arguments in light of Rule 19.

### 2.     Required Parties

The court first must determine whether Lakewood Title and Hawk are required parties pursuant to Rule 19(a). Defendants contend that they are; they argue that Lakewood Title and Hawk are active participants in the scheme that is central to Plaintiff's requested relief. Defendants argue that their testimony will support or undercut Plaintiff's position that they were not its agents for the McKinney Property transaction. They contend that Lakewood Title and Hawk are critical parties for the determination of whether Plaintiff is obligated to Defendants. They cite several cases and argue that insurance agents are indispensable to an insured's action when there are alleged torts.

Plaintiff argues that Defendants have mischaracterized its claims; it contends that it simply seeks declarations by the court that it does not have certain contractual obligations to Defendants. Specifically, it argues that it has asked the court to determine that: it has no contractual obligation to Defendants under the ICLs because they never took effect; it has no liability under the ICLs because actions by Stallion Funding, Southwest Rain-Maker, and Chumley caused or contributed to Defendants' damages; it has no contractual obligation to Defendants to issue a title policy in accordance with the Forged Commitment. Plaintiff contends that neither Lakewood Title nor Hawk is required for the court to make any of these determinations.

In reply, Defendants contend that Plaintiff's requested relief raises issues that relate to its substantive defenses in the State Action, including proportionate responsibility, vicarious liability, and intervening or superseding cause. They argue again that numerous federal courts have held that insurance agents are required parties to declaratory judgment actions when the injured parties have asserted tort claims.

To determine whether Lakewood Title and Hawk are required parties under Rule 19, the court considers each of the declarations requested by Plaintiffs in this action. The court also considers whether the relief requested by Plaintiff would implicate the claims asserted by Defendants in the State Action.

Plaintiff first requests a declaration "that Chumley did not act with either actual or apparent authority of [Lawyers Title] with respect to the claim made by Stallion Funding and the Investors under the Forged Commitment and the ICLs." Compl. ¶ 21(a). Defendants contend in the State Action that Chumley acted with actual and apparent authority on behalf of Lawyers Title, Lakewood Title, and Hawk. No party seeks to add Chumley to either action. While the court's ruling on this

declaration would overlap with some of the relief sought by Defendants in the State Action, the narrow declaration sought by Plaintiff does not implicate either Lakewood Title or Hawk.

Next, Plaintiff requests a declaration "that [Lawyers Title] has no contractual obligation to Stallion Funding or the Investors to issue a policy in accordance with the Forged Commitment." *Id*. ¶ 21(b). It contends that it has no obligation to Defendants because the Authentic Commitment was never made to them; Plaintiff argues that it made a commitment to another lender but that any alleged obligation to Defendants was part of the Forged Commitment made by Chumley. This requested declaration does not directly implicate either Lakewood Title or Hawk; if granted as requested, there is no need to bring in these parties into this litigation.

The third requested declaration is "that the ICLs to Stallion Funding and the Investors did not take effect and, therefore, [Lawyers Title], has no contractual liability under the ICLs." *Id*. ¶ 21(c). Plaintiff alleges that the ICLs were issued by it to Defendants but that they were contingent upon a title commitment to them. It also argues that the ICLs never took effect because they were never signed or returned by Defendants. This declaration depends on a legal determination that does not involve Lakewood Title or Hawk. The court therefore finds that they are not required to resolve this request for declaratory relief.

Plaintiff's fourth request for declaratory relief is a request for a declaration "that the Policy to Stallion should be issued in accordance with the Authentic Commitment, not the Forged Commitment . . ." *Id*. ¶ 21(d). Plaintiff alleges that the fraud in creating the Forged Commitment was done by Chumley, not Lakewood Title or Hawk; however, Defendants contend that Chumley and Salazar were acting with actual and apparent authority on behalf of Plaintiff, Lakewood Title, and Hawk. While this request for declaratory relief is similar to the claims in the State Action, the

court's determination implicates the relationship between Chumley and Plaintiff and does not necessarily require the presence of Lakewood Title and Hawk.

Finally, Plaintiff asks the court to declare "that [it] has no liability under the ICLs because Stallion Funding's own business dealings and involvement with Southwest Rain-Maker and/or Chumley, either directly or through its broker, caused or contributed to Stallion Funding and the Investors' damages." *Id*. ¶ 21(e). This declaration involves questions relating to the actions of Defendants and does not require Lakewood Title or Hawk to resolve.

After carefully considering the claims asserted in this action and the State Action, the court determines that neither Lakewood Title nor Hawk is a required party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure because the court can make the requested determinations without adjudicating any claims against Lakewood Title or Hawk. The cases regarding claims against insurance agents cited by Defendants are unavailing because they include cases where there are pending tort allegations. While Defendants have alleged torts against Plaintiff, Lakewood Title, and Hawk in the State Action, these claims are not present in the narrow requests for declaratory relief pending in this court.

### C.    Subject Matter Jurisdiction

Even if Lakewood Title and Hawk were required parties pursuant to Rule 19(a) of the Federal Rules of Procedure, however, their joinder is feasible because their presence in the case would not destroy the court's subject matter jurisdiction. Although Defendants assert that the court should add Lakewood Title and Hawk as involuntary plaintiffs, these parties have not alleged claims against any party in this court or in the State Action. The parties that wish to assert claims against them are

Defendants, and the court finds that if added they should be added as Third-Party Defendants to claims brought by Defendants as Third-Party Plaintiffs.

This case is similar in posture to *State National Insurance Co. v. Yates*, 391 F.3d 577 (5th Cir. 2004), a case relied upon by Plaintiff. In that case, the plaintiff was State National Insurance Company ("State National"), and it sought a declaratory judgment that a liability insurance policy did not cover defendant Calvin Yates ("Yates"). *Id*. at 578. Yates had been sued by a landowner for cutting down her trees. After the declaratory judgment action was filed by State National, Yates counterclaimed against it and Bruce Insurance Agency ("Bruce"). *Id*. Yates brought breach of contract claims against State National, and negligence and negligent misrepresentation claims against Bruce. *Id*. He moved to dismiss the case, asserting that Bruce was a required party pursuant to Rule 19 and that his joinder destroyed diversity jurisdiction. *Id*. The district court dismissed the action. *Id*.

The appellate court did not consider whether joinder was appropriate under Rule 19, but it reversed the district court and held that the court had supplemental jurisdiction over Bruce pursuant to 28 U.S.C. § 1367 and that its presence did not destroy diversity jurisdiction. *Id*. at 579.

Section 1367 provides:

> [T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). In cases where there is diversity jurisdiction, the district court "shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties

under Rule 14, 19, 20, of 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 . . . ." 28 U.S.C. § 1367(b).

In *Yates*, the court held that the term "plaintiff" used in section 1367(b) "refers to the original plaintiff in the action – not to a defendant that happens also to be a counter-plaintiff, cross-plaintiff, or third-party-plaintiff." 391 F.3d at 580. It concluded that the court "had supplemental jurisdiction over the defendant's counterclaims against the additional party, Bruce, notwithstanding the lack of diversity between those two parties." *Id*. at 581.

Defendants contend that Plaintiff's alignment of the parties is not conclusive and that the court should align the parties and then determine whether it has diversity jurisdiction. Defendants' argument is a correct statement of the law; however, they do not contend with *Yates*. While *Yates* is not procedurally identical – Yates brought counterclaims against Bruce – the court is not convinced that, if joined, Lakewood Title and Hawk would need to be added as plaintiffs. They have not asserted claims against any party here or in state court, and Plaintiff has declined to bring claims against them. It is Defendants that seek to bring tort claims against Lakewood Title and Hawk, and the court determines that if added, they should be added as Third-Party Defendants. As such, their presence would not destroy diversity jurisdiction pursuant to the Fifth Circuit's holding in *Yates*.

The court therefore determines that the addition of Lakewood Title and Hawk as Third-Party Defendants would not destroy diversity jurisdiction. In addition, even if they are required parties pursuant to Rule 19 of the Federal Rules of Civil Procedure, their joinder would be feasible pursuant to *Yates*.

**D.     Discretionary Jurisdiction**

Finally, the court considers Defendants' argument that the court should decline to exercise

discretionary jurisdiction over this action consistent with Rule 57 of the Federal Rules of Civil

Procedure.  They argue that the court has discretion whether to entertain this action for declaratory

judgment and cite *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), which sets forth the

factors the court should consider when determining whether to exercise such discretion.  Defendants

contend that the *Trejo* factors weigh in favor of discretionary dismissal; Plaintiff argues that these

factors do not favor discretionary dismissal.

Pursuant to the Declaratory Judgment Act, the court "*may* declare the rights and other legal

relations of any interested party seeking such declaration . . . ."  28 U.S.C. § 2201(a) (emphasis

added).  This decision is within the discretion of the district court, and it must "address[] and

balance[] the purposes of the Declaratory Judgment Act and the factors relevant to the abstention

doctrine," before dismissing a declaratory judgment action pursuant to its discretion.  *Id*. at 590

(internal quotations omitted).  The relevant factors set forth in *Trejo* are:

> 1) whether there is a pending state action in which all of the matters
> in controversy may be fully litigated, 2) whether the plaintiff filed suit
> in anticipation of a lawsuit filed by the defendant, 3) whether the
> plaintiff engaged in forum shopping in bringing the suit, 4) whether
> possible inequities in allowing the declaratory plaintiff to gain
> precedence in time or to change forums exist, 5) whether the federal
> court is a convenient forum for the parties and witnesses, and 6)
> whether retaining the lawsuit in federal court would serve the
> purposes of judicial economy.

*Id*. at 590-91 (citation omitted) (internal quotations omitted).  The court should also consider

"whether the federal court is being called on to construe a state judicial decree involving the same

parties and entered by the court before whom the parallel state suit between the same parties is

pending." *Id*. at 591 (footnote omitted). The court will consider each of these factors in determining whether to exercise jurisdiction over this declaratory judgment action.

The court considers the first factor, "whether there is a pending state action in which all of the matters in controversy may be fully litigated." *Id*. at 590. Defendants argue that the State Action and this case are redundant. They contend that all of the relevant parties are present in the State Action, while only Defendants and Plaintiff are in the federal action. They contend that Plaintiff can assert any available defenses in the State Action and that one case in state court is better than piecemeal adjudication between two courts. Plaintiff responds that this court has supplemental jurisdiction over any additional parties and that Defendants could have joined them upon answering. The court determines that this factor weighs in favor of dismissal because there is a pending state action in which all of the matters may be fully litigated and which includes all of the parties.

The court considers the second and third factors – whether Plaintiff filed this action in anticipation of a suit filed by Defendants and whether Plaintiff engaged in forum shopping – together. Defendants contend that Plaintiff filed this action to preempt their filing in state court and that it has engaged in "procedural fencing." They argue that by filing this action Plaintiff has accomplished something that it could not have done through removal. Defendants note that Plaintiff filed this lawsuit after receiving their demand letter, and they contend that if it had waited for Defendants to file their lawsuit, Plaintiff would not have been able to remove the case.

Plaintiff responds that every declaratory judgment action is anticipatory and that it is appropriate to file such a suit without waiting to be sued. It argues that its suit would be impermissible only if Defendants were unable to bring their state court action or if it left out necessary, nondiverse parties. Plaintiff also contends that it did not engage in forum shopping and

that its decision to file in federal court was permissible. Plaintiff also argues that the case relied

upon by Defendants, *Mission Insurance Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir.

1983), is unlike the procedural posture of this case.

The court finds that this case is a close one with respect to factors two and three. While

Plaintiff's filing was permissible, it also omitted the two nondiverse parties from its narrow requests

for declaratory relief. Plaintiff relies upon *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383

(5th Cir. 2003), to argue that its action in this court is permissible. This court has reviewed the

discussion of the fairness factors in *Sherwin-Williams* and considers the reasons behind Plaintiff's

filing this declaratory judgment act in this court. In *Sherwin-Williams*, the court noted:

> Although many federal courts use terms such as "forum selection"
> and "anticipatory filing" to describe reasons for dismissing a federal
> declaratory judgment action in favor of related state court litigation,
> these terms are shorthand for more complex inquiries. The filing of
> every lawsuit requires forum selection. Federal declaratory judgment
> suits are routinely filed in anticipation of other litigation. The courts
> use pejorative terms such as "forum shopping" or "procedural
> fencing" to identify a narrower category of federal declaratory
> judgment lawsuits filed for reasons found improper and abusive,
> other than selecting a forum or anticipating related litigation. Merely
> filing a declaratory judgment action in a federal court with
> jurisdiction to hear it, in anticipation of state court litigation, is not in
> itself improper anticipatory litigation or otherwise abusive "forum
> shopping."

*Id*. at 391. The court also specifically distinguished *Mission Insurance*, noting that in that case, there

was a difference in the substantive law between the two forums and that the choice of forum resulted

in an attempt to control the applicable state law. *Id*. at 397.

The court finds that this case falls somewhere between the "procedural fencing" found in

*Mission Insurance* and the "mere" filing of a declaratory judgment action described in *Sherwin-*

*Williams*. In this case, had Plaintiff waited for Defendants to file in state court, it would not have

been able to remove the State Action because Defendants also sued two nondiverse parties, Lakewood Title and Hawk. In light of this, the court determines that factors two and three weigh in favor of dismissal.

Defendants also contend that the fourth, fifth, and sixth factors weigh in favor of dismissal. These include "whether the possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist," "whether the federal court is a convenient forum for the parties and witnesses," and "whether retaining the lawsuit in federal court would serve the purposes of judicial economy." *Trejo*, 39 F.3d at 591. They contend that the first-to-file rule does not apply in this case because one case is pending in state court while the other is pending in federal court. They argue that the Declaratory Judgment Act should not be used to litigate tort liability and that an injured party should be able to choose the forum in which he or she chooses. Finally, they contend that allowing this case to proceed in federal court allows for inequities, such as the risk of inconsistent rulings, the waste of judicial resources, and the resolution of only a small part of the issues involved in the State Action.

Plaintiff argues that the fairness inquiries do not require dismissal. It also contends that the efficiency factors weigh against removal. Plaintiff argues that the court has the power to add Lakewood Title and Hawk. It contends that Defendants created any inefficiency because they could have filed counterclaims against Lakewood Title and Hawk when they responded to the Complaint.

The court determines that these three factors, on balance, weigh in favor of dismissal. While the state and federal forums are equally convenient to the parties, the court finds that all of the issues involved between the parties – and not just the declaratory relief requested by Plaintiff – can be resolved in the state court. All the involved parties are already present in the state court, and

Plaintiff can raise these issues as defenses in that court. While Plaintiff filed first in this court, there is certainly the risk to Defendants of inconsistent judgments if this court reaches results that are different than those reached by the state court.

Finally, the court must consider the last factor – whether there is a state judicial decree to be construed. This factor is neutral because there is no state decree to consider in this case.

The court has carefully considered the seven *Trejo* factors, and it determines that discretionary remand is appropriate in this case. This court's exercise of jurisdiction over Plaintiff's requests for declaratory relief is discretionary. In light of the parallel State Action, in which all the purportedly involved parties are already present and the risk of inconsistent judgments between the two courts, the court determines that this entire action should be heard by the state court. Accordingly, the court determines that it will not exercise its jurisdiction over Plaintiff's requests for declaratory relief and therefore will dismiss Plaintiff's requests for declaratory relief without prejudice.

## IV.    Conclusion

For the foregoing reasons, the court **grants in part** and **denies in part** Defendants' Rule 12(b)(1), (6), and (7) Motion to Dismiss. The court does not reach Defendants' arguments pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. It **denies** Defendants' motion to the extent that Defendants request dismissal for lack of subject matter jurisdiction over this action and because joinder of Lakewood Title and Hawk is necessary. Joinder of Lakewood Title and Hawk is unnecessary, and this court could exercise subject matter jurisdiction if it so desires; it does not. Therefore, the court **grants** Defendants' motion to the extent they ask the court to decline to exercise its discretionary jurisdiction over this case pursuant to the Declaratory Judgment Act, 28 U.S.C. §

2201.  The court **dismisses** this action **without prejudice** because it declines to exercise its

discretionary jurisdiction over this declaratory judgment action.

    **It is so ordered** this 29th day of October, 2010.


                                        Sam A. Lindsay
                                        United States District Judge